UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERASA DEMARINIS., <br><br> Plaintiff, <br><br> v. <br><br> SOUTHERN NEW HAMPSHIRE UNIVERSITY, et al., <br><br> Defendants. | Civil Action No. 24-30090-KAR |

MEMORANDUM AND ORDER RE: REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR AMENDED COMPLAINT
(Dkt. No. 8)

October 28, 2025

MASTROIANNI, U.S.D.J.

On December 27, 2024, United States Magistrate Judge Katherine A. Robertson issued a Report and Recommendation which ordered that this case be reassigned to a district judge[1] and recommended that the court dismiss Plaintiff's Amended Complaint. The Report and Recommendation notified Plaintiff that she had fourteen days to file an objection, but no objections have been filed.

Plaintiff, who is proceeding *pro se*, filed this action, along with a motion for leave to proceed *in forma pauperis*, on July 19, 2024. (Dkt. Nos. 1, 2.) On August 5, 2024, Judge Robertson granted leave to proceed *in forma pauperis* and advised Plaintiff that her first complaint was subject to dismissal pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction and 28 U.S.C. § 1915(e)(2) for failing to state a claim upon which relief may be granted. (Dkt. No. 5.) Judge Roberston ordered

---

[1] On December 30, 2024, this case was reassigned to the undersigned. (Dkt. No. 9.)

1

Plaintiff to file, within 28 days, an amended complaint curing these deficiencies. (*Id.*) On August 19, 2024, Plaintiff filed an amended complaint adding the U.S. Department of Education as a defendant and recounting the same facts as in the original complaint. (Dkt. No. 7.)

In reviewing Plaintiff's amended complaint, Judge Roberston accepted as true the well-pled factual allegations supporting Plaintiff's False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3730, claim. *Estelle v Gamble*, 3 429 U.S. 97 (1976). Judge Robertson liberally reviewed the plaintiff's allegations and legal claims since Plaintiff is *pro se*. *See Haines v Kerner*, 404 U.S. 519, 520-21 (1972). Judge Robertson then concluded that dismissal is required because, even when afforded a liberal construction, the amended complaint fails to state a claim upon which relief may be granted and fails to provide a basis for this court's jurisdiction. Judge Robertson noted that Plaintiff failed to state a claim under the FCA because Plaintiff would need to file a *qui tam* action "in the name of the Government" and comply with all the other requirements of 31 U.S.C. § 3730(b). Moreover, Judge Robertson concluded, Plaintiff's allegations in the amended complaint do not support an FCA claim because Plaintiff failed to allege sufficient facts and to meet Rule 9(b)'s heightened pleading requirement by alleging facts with particularity. *U.S. ex rel. Clausen v. Lab'y Corp. of Am.*, 290 F.3d 1301, 1311 (11th Cir. 2002). Judge Roberston also concluded that Plaintiff's claim that the court has diversity jurisdiction under 28 U.S.C. § 1332 fails because the amended complaint does not assert any state law claims. *Carrozza v. CVS Pharm., Inc.*, 992 F.3d 44, 51 (1st Cir. 2021). In addition, Judge Roberston found that further amendment would be futile. *Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 23 (1st Cir. 2014) (explaining that *sua sponte* dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amendment would be futile).

Based upon the thorough analysis presented in the Report and Recommendation, and noting there are no objections, the court, after *de novo* review, hereby ADOPTS the Report and

Recommendation. (Dkt. No. 8.) Plaintiff's Amend Complaint (Dkt. No. 7) is, therefore, DISMISSED.

The clerk's office is directed to close this case.

  It is So Ordered.

/s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge
